UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANYING SU,<br>Petitioner,<br>v.<br>JAMES JANECHA, et al.,<br>Respondents. | Case No. 5:26-cv-04958-SSC<br><br>MEMORANDUM AND ORDER GRANTING CONDITIONAL RELEASE |

On August 28, 2026, Petitioner Yanying Su, through counsel, filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California. (*Id.* at 2, 4.)

---

[1] Petitioner is a citizen of the People's Republic of China. (ECF 1 at 4.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

The petition alleges the following facts. Petitioner was inspected and admitted at Los Angeles International Airport on May 21, 2019, as a B-1/B-2 nonimmigrant, with authorization to remain until November 20, 2019. (*Id.* at 2, 6.) She applied for asylum and withholding of removal within one year of her arrival. (*Id.* at 6.) She was then placed in removal proceedings, an immigration judge ordered those proceedings dismissed, and her asylum application was held with U.S. Citizenship and Immigration Services (USCIS). (*Id.*) Her application remains pending. (*Id.*) Petitioner has not had an order of removal entered against her, and she has no criminal history. (*Id.* at 6–7.)

On August 5, 2026, Petitioner was detained at her scheduled appointment at the USCIS Application Support Center. (*Id.* at 7.) She was detained without a judicial warrant, without prior notice, and without a hearing. (*Id.*) The same day, the Department of Homeland Security issued a notice to appear, charging Petitioner as removable under section 237(a)(1)(B) of the Immigration and Nationality Act. (*Id.* at 8.) The notice to appear ordered Petitioner to appear before an immigration judge on September 15, 2026; however, the hearing appears to have been rescheduled for September 8, 2026. (*Id.*) On August 13, 2026, Petitioner renewed her application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.*)

The petition raises two claims: (1) that Petitioner's detention without pre-deprivation notice and a hearing violated Fifth Amendment procedural due process; and (2) that Petitioner's detention was untethered to any permissible purpose in violation of Fifth Amendment substantive due process. (*Id.* at 15.) Petitioner seeks release, among

other relief, including costs and attorney's fees under the Equal Access to Justice Act.[2] (*Id.* at 16.)

In their answer, Respondents do not address the petition's legal claims directly. (ECF 8.) Rather, they assert that "[a]ssuming that [8 U.S.C. § 1226(a)] controls Petitioner's habeas claims, the appropriate recourse would be a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1191–93 (9th Cir. 2026)." They oppose release and "request that the Court grant the Petition to the extent it seeks the remedy of a bond hearing." (*Id.* at 3–4.) They also request that if the Court orders a bond hearing, "the timing of the hearing be consistent with what Courts in this District have generally ordered, which is to require that the hearing be provided within seven (7) days." (*Id.* at 4.) And further that "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id.*) Petitioner replied. (ECF 9.)

The Court finds the matter suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

---

[2] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

## II

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III

Both parties identify Petitioner as detained under § 1226(a) and therefore eligible for a bond hearing. (ECF 1 at 2, 8; ECF 8 at 2.) *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1191–93 (9th Cir. 2026). Based on that combined with Respondents' request for this Court to order a bond hearing and failure to oppose the substantive of Petitioner's asserted statutory and constitutional violations, the Court construes the § 2241 petition as unopposed legally and unopposed as to relief in the form of a bond hearing.[3]

Petitioner, however, argues for a different form of relief, arguing that only release can cure her harms. (ECF 1 at 14.) The Court disagrees. The facts and nature of the violation here militate in favor of

---

[3] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

a conditional order of release in the form of a bond hearing before an immigration judge. Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). Further, prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

Accordingly, the Court exercises its discretion to issue a conditional order of release requiring a bond hearing as described below. A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond. If Petitioner is denied bond, she will be able to appeal that denial to the Board of Immigration Appeals.

**ORDER**

**IT IS ORDERED** that:

1. Respondents are enjoined from continuing to detain Petitioner Yanying Su (A# 216-702-584) unless no later than **<u>September</u>**

**21, 2026**, she is provided with an individualized bond hearing under 8 U.S.C. § 1226(a), unless Petitioner requests an extension of that time.

2. Respondents shall file a status report no later than **October 5, 2026**, regarding Respondents' compliance with this order and identifying the outcome of the bond hearing, if one was provided, and/or whether Petitioner requested an extension of time.
3. Judgment will enter separately after receipt of the status report.

DATED: September 14, 2026



HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE